## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

TERESA D. THARP,

        Plaintiff,

vs.

JO ANNE B. BARNHART,
Commissioner,
Social Security Administration,

        Defendant.

Case No. 04-CV-496-CVE-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Teresa D. Tharp, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for Report and Recommendation. The undersigned RECOMMENDS that the Commissioner's decision be AFFIRMED.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less

---

[1] Plaintiff's October 18, 2002, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Denzel R. Busick held December 10, 2003. By decision dated January 20, 2004, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on April 15, 2004. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was born April 15, 1959, and was 44 years old at the time of the hearing. She has a 12 grade education and formerly worked as waitress, clerk, counter attendant, and manager. She claims to have been unable to work since January 20, 2001 as a result of back problems and carpal tunnel syndrome in the right hand. The ALJ determined that Plaintiff's limitations limit her to light level work activity that does not require more than occasional crouching, kneeling, stooping, or bending; and that would allow a chair or stool to be in her work area and would allow her to alternately sit or stand. [R. 14]. Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ failed to conduct a properly supported credibility determination, and failed to properly develop the record concerning her carpal tunnel syndrome. Having reviewed the record and considered Plaintiff's arguments, the undersigned concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence.

## Discussion

Plaintiff asserts that the decision should be reversed and the case remanded because the ALJ failed to discuss the rationale for his credibility findings.

The undersigned finds that in evaluating the credibility of Plaintiff's allegations of disabling pain, the ALJ considered the kinds of factors set forth in *Luna v. Bowen*, 834 F.3d 161, 163-64 (10th Cir. 1987). Further, he recited what specific evidence he relied on in considering those factors, as required by *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). Plaintiff essentially disagrees with the weight the ALJ gave to the relevant factors. However, the court may not reweigh the evidence on appeal.

The ALJ accurately recounted that Plaintiff rarely sought medical treatment, noting that she was evaluated for back pain on March 4, 1999, and was not seen again for back pain until December 21, 2001. On January 14, 2002, conservative therapy was recommended and Plaintiff was not seen again until November 21, 2002. Physical examination on February 13, 2003, revealed negative straight leg raising, no radiculopathy, and normal gait. [R. 13, 104, 105, 107]. The ALJ also accurately reported that although on consultative examination, Plaintiff showed positive signs, the record contains no definitive

3

diagnosis of carpal tunnel syndrome, and no recommendation of surgery or any functional restrictions on activity. [R. 14-15].  The consultative examiner found Plaintiff to have the ability to: effectively oppose her thumb to the finger tips; manipulate small objects; and effectively grasp tools, such as a hammer. [R. 102].  The ALJ noted Plaintiff's complaint of medication side effects and that she had not complained of side effects to her physicians. He might have noted, but did not, that on June 25, 2003, Plaintiff reported that she found naproxyn to be helpful [R. 114] or that at the hearing she testified that nausea was caused by a medication she had just begun to take, so that complaint was not a long-standing one. [R. 136].

The undersigned finds that the ALJ set forth the specific evidence he relied upon, applied the correct legal standards in evaluating Plaintiff's subjective allegations of pain, and his determination on this matter is supported by substantial evidence in the record. Because the ALJ properly linked his credibility finding to the record, the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determinations.  See *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)(factors to be considered by ALJ in assessing credibility to include extensiveness of attempts, medical or nonmedical to obtain relief and frequency of medical contacts); *James v. Chater,* 96 F.3d 1341, 1342 (10th Cir. 1996) (witness credibility is province of Commissioner whose judgment is entitled to considerable deference).

Plaintiff argues that the ALJ erred in failing to order a consultative examination to explore the extent of her carpal tunnel syndrome.  The Commissioner has the duty to develop an adequate record relevant to the issues raised.  However, an ALJ is normally entitled to rely on the claimant's counsel to structure and present the case.  See *Hawkins*

*v. Chater,* 113 F.3d 1162, 1164 (10th Cir.1997). And, the claimant is responsible, however, for furnishing medical evidence of claimed impairments. *See* 20 C.F.R. §§ 404.1512(a), (c). Even though the consultative examiner found Plaintiff to have a sign indicative of carpal tunnel syndrome, his examination did not reveal Plaintiff had any functional limitations in her hands. [R. 98, 100, 102]. "[T]he ALJ should order a consultative exam when evidence in the record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability." *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997). In this case the record was sufficient to enable the ALJ to make a decision. In particular, the record did not reveal that Plaintiff had functional limitations in the use of her hands, therefore the ALJ was not required to order further consultative examination.

## CONCLUSION

The undersigned finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this report.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b) directs the district judge to:

> make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b); see also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 16th day of December, 2005.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE