UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERESA D. THARP, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-CV-0496-CVE-FHM |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

On December 16, 2005, United States Magistrate Judge Frank H. McCarthy entered a Report and Recommendation (Dkt. # 18) on plaintiff's request for judicial review of a decision of the Commissioner of the Social Security Administration denying her benefits under the Social Security Act. The magistrate judge found that the Administrative Law Judge ("ALJ") who made the decision on behalf of the Commissioner evaluated the record in accordance with the relevant legal standards and that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the magistrate judge recommended that the decision of the Commissioner finding plaintiff not disabled be affirmed.

Plaintiff filed timely objections pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). Accordingly, the Court has conducted a de novo review. The plaintiff essentially argues that the ALJ did not adequately support his credibility determination and that the magistrate judge made an inappropriate post hoc justification for the ALJ's determination. Although the basis for this argument is not clear, plaintiff appears to assert that the ALJ did not address her fibromyalgia, failed to explain inconsistencies between his credibility findings and the evidence, and made inappropriate comments as to plaintiffs' alleged restrictions and capabilities.

The magistrate judge correctly found that the ALJ had considered the appropriate factors and recited the specific evidence on which he relied in considering those factors. As explained by the magistrate judge, the ALJ noted that plaintiffs rarely sought medical treatment for her back pain, and the reports of various examinations would not support the plaintiffs allegations of disabling pain or disability due to her alleged carpal tunnel syndrome. Further, she had not complained of medication side effects to her physicians. The magistrate judge made an additional comment to emphasize how plaintiff's statements about medication side effects further undermined her credibility. That comment was not the sole justification for the magistrate judge's determination, and it does not detract from the ALJ's own observations and findings.

Plaintiff's fibromyalgia argument is a non-starter. First, she did not make that argument in her opening brief. Instead, she argued that the ALJ based his credibility findings on insubstantial evidence, and the magistrate judge fully addressed that issue. Further, she argues that she has been diagnosed with fibromyalgia, but that argument is based on the following assessment: "Lumbosacral sprain/strain injury progressing to a myofascial pain syndrome component with associated possibly [sic] of having a facet arthropathy." Admin. Tr., Dkt. # 9, at 117. "'[M]yofascial pain syndrome' is defined as 'irritation of the muscles and fasciae (membranes) of the back and neck causing chronic pain (without evidence of nerve or muscle disease).'" Smith v. J.I. Case Corp., 163 F.R.D. 229, 231 (E.D. Pa.1995) (quoting Schmidt's Attorneys' Dictionary of Medicine M-323 (1978)). It is not the same as fibromyalgia, which, although similar, requires a more extensive set of clinical signs and symptoms, including "primarily widespread pain in all four quadrants of the body and at least 11 of the 18 specified tender points on the body." Green-Younger v. Barnhart, 335 F.3d 99, 107 (2d Cir. 2003) (citations omitted); see Brosnahan v. Barnhart, 336 F.3d 671, 672 n.1 (8th Cir. 2003); Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996).

The <u>Attorneys Medical Deskbook</u> explains that "'myofascial pain syndrome' can easily be confused with fibromyalgia, but produces a more localized pain, and often has objective physical findings." Dan J. Tennenhouse, <u>Attorneys Medical Deskbook</u>, § 20:6.2A (3d ed. 1993). Plaintiff has not called the Court's attention to any place in the record, and the Court has found none, that even alludes to the possibility of fibromyalgia. The ALJ evaluated claimant's allegations of pain and explained his conclusion that her subjective complaints were not credible, as required by <u>Kepler v. Chater</u>, 68 F.3d 387, 391 (10th Cir. 1995). The magistrate judge was correct in finding the ALJ's conclusion supported by substantial evidence.

Finally, plaintiff takes issue with the ALJ's remark that "[t]here is no evidence that any of the claimant's treating physicians have told her to do nothing all day." Admin. Tr., Dkt. # 9, at 15. That remark merely emphasizes the self-imposed nature of the alleged restrictions on claimant's daily activities. It was not error for the ALJ to consider the fact that her treating physicians had not placed any functional restrictions on her activities that would preclude light work activity consistent with the ALJ's findings. Nor was it error for the ALJ to discuss the claimant's activities in reaching his conclusion that her reported activities were not indicative of her complaints of totally disabling pain. <u>Id.</u> at 14. While "the ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain," <u>Thompson v. Sullivan</u>, 987 F.2d 1483, 1490 (10th Cir. 1993), one of the factors the ALJ must examine in evaluating a claimant's subjective testimony of disabling pain is the extent and nature of her daily activities, <u>see</u> <u>Kepler</u>, 68 F.3d at 391.

```
```

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 18) is hereby **accepted**; the Plaintiff's Objection (Dkt. # 20) is **overruled**; and the Commissioner's decision is **affirmed**.

**DATED** this 30th day of January, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT